IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMANTHA MARIE SMITH, As Administratrix of the Estate of Wilburn Frank Smith, Jr.;<br><br>Plaintiff,<br><br>vs.<br><br>RIVER MARINE ENTERPRISES, LLC,<br><br>Defendant. | 8:21CV255<br><br>ORDER |

Defendant River Marine Enterprises, LLC, (RME) has moved to transfer this case to the United States District Court for the Western District of Kentucky for the convenience of the parties and witnesses and in the interests of justice. (Filing No. 5). Plaintiff has not responded to the motion, and the deadline for doing so has passed. The motion is deemed unopposed.

If Plaintiff's lawsuit could have been brought, in the first instance, in the United States District Court for the Western District of Kentucky, this court has discretion to transfer it to that forum for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). Based on the evidence of record, RME is a Kentucky LLC whose sole owner, a Kentucky citizen, resides in Paducah, Kentucky, and the business operates out of Paducah, Kentucky, (Filing No. 7-1). Therefore, this case could have been filed in the Western District of Kentucky. 28 U.S.C.A. § 1391 "(A civil action may be brought in . . . a judicial district in which any defendant resides . . . .").

Although RME's motion to transfer is unopposed, the court must nonetheless consider the facts of record and determine whether the requested transfer will advance the convenience and fairness of these proceedings. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The court considers "the convenience of

the parties, the convenience of the witnesses, the interests of justice, and any other relevant factors when comparing alternative venues." Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 696 (8th Cir. 1997) (citing 28 U.S.C. § 1404(a)). Factors include the willingness of witnesses to appear, the ability to subpoena witnesses, the adequacy of deposition testimony, the accessibility to records and documents, the location where the conduct complained of occurred, and the applicability of each forum state's substantive law. Id. (citing Terra Intern., Inc. v. Mississippi Chemical Corp., 922 F. Supp. 1334, 1359 (N.D. Iowa 1996)). The court should also consider such factors as judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law. Id. (citing Terra Intern., 922 F. Supp. at 1361, 1363).

Plaintiff's decedent, a Louisiana citizen, seeks recovery pursuant to Title 46 U.S.C. 30104 and the general maritime law of the United States for injuries sustained while performing his job as a seaman on the Missouri River in or adjacent to Nebraska. (Filing No. 1, ¶ I). Plaintiff's representative is a citizen of Alabama. (Filing No. 1, ¶ II). While Plaintiff's choice of forum is a significant factor to consider, (Terra Int'l, Inc., 119 F.3d at 695), the Estate has not objected to RME's motion to transfer, thereby indicating it does not prefer a Nebraska court over Western District of Kentucky.

Defendant RME's office and principal place of business is located in Paducah, Kentucky, its land-based employees work in the Paducah office, and its other employees live throughout the United States. (Filing No. 7-1, at CM/ECF p. 2, ¶ 2). All records related to the accident are located in the Kentucky office. While the accident at issue occurred in Nebraska, none of the crew members on the towboat at issue were residents of Nebraska. Moreover, RME no longer operates in the navigable waters of Nebraska. RME owns no property and has no offices or

2

employees in Nebraska, and it neither performs nor solicits business in Nebraska. (Filing No. 7-1, at CM/ECF p. 3, ¶ 5).

While the accident occurred in Nebraska, the record discloses no witnesses from Nebraska, and the parties themselves have no connection to Nebraska. The convenience to the parties and witnesses weighs in favor of transfer.

The complaint raises claims arising solely under the Jones Act, a federal law. State and local law is not implicated, and neither the Nebraska nor the Kentucky forum will be tasked with deciding conflict of law issues. Moreover, having no real connection to the parties involved in this accident, and no foreseeable likelihood that RME will be operating in Nebraska in the future, Nebraska has only a minimal (if any) interest in the outcome of this case. But as to the defendant, Kentucky does have an interest in the outcome of litigation against a business formed under its laws and operating out of Paducah, Kentucky. The interests of justice weigh in favor of transfer.

After considering the totality of the evidence before me, the court finds this case should be transferred to the United States District Court for the Western District of Kentucky. Accordingly,

IT IS ORDERED that Defendant's Motion to Transfer, (Filing No. 5), is granted and this case shall be transferred to the United States District Court for the Western District of Kentucky.

Dated this 4th day of October, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge